LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
William Brown (WB 6828)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

JORGE PACHECO,
*on behalf of himself and class of similarly situated individuals*,

                Plaintiff,

v.

CHICKPEA AT 14TH STREET INC.,
CHICKPEA AT HOUSTON INC.,
CHICKPEA AT LIC, INC.,
CHICKPEA AT PENN INC.,
CHICKPEA INTERNATIONAL INC.,
CHICKPEA ON 6TH AVENUE INC.,
CHICKPEA WORLD LLC,
C P AT LEXINGTON AVENUE INCORPORATED
d/b/a CHICKPEA,
C P AT MADISON AVENUE INCORPORATED
d/b/a CHICKPEA,
ALIMADE LLC d/b/a CHICKPEA,
and AKBARALI HIMANI,

                Defendants.

**CLASS ACTION COMPLAINT**

---

    Plaintiff, JORGE PACHECO, on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class Action Complaint against Defendants, CHICKPEA AT 14TH STREET INC., CHICKPEA AT HOUSTON INC., CHICKPEA AT LIC, INC., CHICKPEA AT PENN INC., CHICKPEA INTERNATIONAL INC., CHICKPEA ON

1

6TH AVENUE INC., CHICKPEA WORLD LLC, C P AT LEXINGTON AVENUE INCORPORATED d/b/a CHICKPEA, C P AT MADISON AVENUE INCORPORATED d/b/a CHICKPEA, ALIMADE LLC d/b/a CHICKPEA ("Corporate Defendants"), and AKBARALI HIMANI (the "Individual Defendant," and together with the Corporate Defendants, the "Defendants") and state as follows:

## INTRODUCTION

1. This is an action for damages under the Internal Revenue Code, 26 U.S.C. § 7434 for relief, damages, fees and costs in this matter because Defendants willfully filed fraudulent tax information forms with the Internal Revenue Service ("IRS").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391.

4. The IRS will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. § 7434(d).

## PARTIES

5. Plaintiff, JORGE PACHECO, for all relevant time periods, was a resident of Queens County, New York and was employed by Defendants as a dishwasher from around July 2015 to around September 2017.

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Corporate Defendants:

(a) CHICKPEA AT 14TH STREET INC. is a domestic corporation organized under the laws of the State of New York with an address for service of process located at 15 Waverly Place, New York, New York 10003;

(b) CHICKPEA AT HOUSTON INC. is a domestic corporation organized under the laws of the State of New York, with an address for service of process at 15 Waverly Place, New York, New York 10003;

(c) CHICKPEA AT LIC, INC. is a domestic corporation organized under the laws of the State of New York, with an address for service of process at 15 Waverly Place, New York, New York 10003;

(d) CHICKPEA AT PENN INC. is a domestic corporation organized under the laws of the State of New York, with an address for service of process at 15 Waverly Place, New York, New York 10003;

(e) CHICKPEA INTERNATIONAL INC. is a domestic corporation organized under the laws of the State of New York, with an address for service of process at 15 Waverly Place, New York, New York 10003;

(f) CHICKPEA ON 6TH INC. is a domestic corporation organized under the laws of the State of New York, with an address for service of process at 15 Waverly Place, New York, New York 10003;

(g) CHICKPEA WORLD LLC, is a domestic limited liability company organized under the laws of New York State, with an address for service of process at 15 Waverly Place, New York, New York 10003;

(h) C P AT LEXINGTON AVENUE INCORPORATED d/b/a CHICKPEA is a corporation organized under the laws of the State of New York, with an address for service of process located at 15 Waverly Place, New York, New York 10003;

(i) C P AT MADISON AVENUE INCORPORATED d/b/a CHICKPEA is a corporation organized under the laws of the State of New York, with an address for service of process located at 15 Waverly Place, New York, New York 10003;

(j) ALIMADE LLC d/b/a CHICKPEA is a domestic limited liability company organized under the laws of the State of New York, with an address for service of process located at 15 Waverly Place, New York, New York 10003;

8. Individual Defendants:

(a) AKBARALI HIMANI is the president, chief executive officer, and/or managing principal or member of all of the Corporate Defendants. AKBARALI HIMANI exercises operational control as it relates to all employees including Plaintiff and the Class. Furthermore, AKBARALI HIMANI exercises functional control over the business and financial operations of all Corporate Defendants.

9. Together, Defendants operate a restaurant and catering enterprise under the common trade name "Chickpea." Chickpea operates seven restaurant locations in New York State and facilitates corporate catering throughout the New York City area via the internet. The Chickpea Restaurants are located at the following addresses:

(a) 1413 Madison Avenue, New York, New York 10029 ("Chickpea Mount Sinai");

(b) 42-09 28th Street, Long Island City, New York, 11101 ("Chickpea Gotham Center");

(c) 210 East 14th Street, New York, New York 10003 ("Chickpea Union Square");

(d) AMTRAK Concourse Level, Penn Station 34th Street, New York, New York 10001 ("Chickpea Penn Station AMTRAK");

(e) LIRR Concourse Level, Penn Station 34th Street, New York, New York 10001 ("Chickpea Penn Station LIRR");

(f) 110 William Street, New York, New York 10038 ("Chickpea Lower Manhattan"); and

(g) 45 East 45th Street, New York, New York 10017 ("Chickpea Midtown Manhattan").

Collectively (including the online catering service), the "Chickpea Restaurants."

10. The Chickpea Restaurants operate as a single integrated enterprise. Specifically, the Chickpea Restaurants are engaged in related activities, share common ownership and have a common business purpose.

(a) The Chickpea Restaurants are commonly owned and operated by the Defendants.

(b) The Chickpea Restaurants have the same corporate leadership. Individual Defendant Akbarali Himani is the President and Chief Executive Officer of the Corporate Defendants, and in charge of all aspects of management and operations for each of the Chickpea Restaurants. Ronald Siegel is the Chief Operating Officer of the Chickpea Restaurants and a senior officer of all Corporate Defendants.

(c) Akbarali Himani is the guarantor of the lease for the premises at which each of the Chickpea Restaurants are located.

(d) The Chickpea Restaurants share a central corporate headquarters located at 15 Waverly Place, New York, New York 10003.

(e) Rent invoices and vendor bills for each of the Chickpea Restaurants are sent to the Chickpea corporate headquarters at 15 Waverly Place, New York, New York 10003. Payment on such invoices and vendor bills is centrally issued from the same address.

(f) The Chickpea Restaurants share a common logo and corporate slogan ("Always Baked, Never Fried") that appears on their website and on each store front, serve similar menu items and are advertised jointly as a common enterprise on Defendants' website listing its numerous locations, http://www.getchickpea.com.

(g) The trademark for the Chickpea logo displayed at each of the Restaurants is held by corporate Defendant CHICKPEA INTERNATIONAL, INC.

(h) The Chickpea Restaurants are also advertised jointly on the Chickpea Facebook page (https://www.facebook.com/GetChickpea/), Twitter Page (https://twitter.com/chickpeanyc?lang=en), and Instagram Page.(https://www.instagram.com/ilovechickpea/?hl=en).

(i) Defendants' website allows customers to place online orders and catering orders at any of the Chickpea Restaurants, (https://ordering.chownow.com/order/417/locations).

(j) The Chickpea Restaurants also use one common phone number, fax number and e-mail address (info@getchickpea.com ).

(k) Supplies, goods and employees are interchangeable amongst the Chickpea Restaurants. During his employment period, Plaintiff PACHECO was frequently transferred between the Chickpea Restaurants in Penn Station by Defendants and managerial employees of Chickpea, on an as needed basis. Other employees who worked with Plaintiff PACHECO at the two Chickpea Restaurants in Penn Station, including, but not limited to, Sergio [LNU] (a food preparer), Katherine [LNU] (a cashier and food preparer), Javier [LNU] (a food preparer), and Salvador [LNU] (a grill man) were

regularly required by Defendants to work on an as needed basis at all of the Chickpea Restaurant locations, including the two locations in Penn Station as well as Chickpea Mount Sinai, Chickpea Midtown Manhattan, Chickpea Gotham Center, Chickpea Lower Manhattan, and Chickpea Union Square.

## RULE 23 CLASS ALLEGATIONS

11. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all employees who were paid their wages in cash employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

12. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

13. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

14. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, namely, filing fraudulent tax information regarding their employment to the IRS.

Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

15. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation.

16. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In

addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

17. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed Plaintiff and the Class.

   b) Whether Defendants failed to withhold taxes from the wages of Plaintiff and the Class.

   c) Whether Defendants provided Plaintiff and the Class with accurate tax statements for each tax year that they worked;

**STATEMENT OF FACTS**

18. Plaintiff, JORGE PACHECO was employed by Defendants as a dishwasher from in or around July 2015 until in or around September 2017.

19. From the commencement of his employment by Defendants in or about July 2015 to in or about September 2017, Plaintiff PACHECO was employed by Defendants to work for both of Defendants' Penn Station Chickpea Restaurant locations. During his employment, Plaintiff was routinely transferred between the two locations in Penn Station, pursuant to instructions of Defendants and of managerial employees of Chickpea, on an as needed basis, until his termination in September 2017.

20. Throughout his entire employment, Plaintiff PACHECO was paid in cash, and was not given any form of wage statement when he received his pay.

21. Defendants failed to withhold any of Plaintiff's wages for tax purposes.

22. Defendants further failed to provide Plaintiff with an accurate W-2 tax statement for each tax year during which Plaintiff worked.

23. Defendants knew or should have known that they had a legal duty to withhold taxes from all of Plaintiff's earnings and to provide Plaintiff with accurate W-2 tax statements for each tax year during which Plaintiff worked.

24. Defendants' actions were willful, and showed reckless disregard for the provisions of the Internal Revenue Code.

25. Defendants had a legal obligation to file accurate tax statements with the IRS.

## STATEMENT OF CLAIM

### COUNT I
### CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. § 7434(a)

26. Plaintiff realleges and reavers Paragraphs 1 through 25 of this class action Complaint as if fully set forth herein.

27. By failing to provide Plaintiff and the Collective Action with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants, and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff and the Class as compensation for all of the work Plaintiff and the Class performed during the course of their employment with Defendants, and failing to withhold amounts listed on W-2 forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

28. Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and Class members, respectfully requests that this Court grant the following relief:

a. Statutory damages of $5,000 for each Plaintiff;

b. Costs attributable to resolving deficiencies;

c. Damages resulting from the additional tax debt and additional time and expenses associated with any necessary correction;

d. That Defendants be ordered to take all the necessary steps to correct the information returns identified above;

e. All costs and attorney's fees incurred in prosecuting these claims; and

f. For such further relief as the Court deems just and equitable.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: August 1, 2018

        Respectfully submitted,

        LEE LITIGATION GROUP, PLLC

        C.K. Lee (CL 4086)
        William Brown (WB 6828)
        30 East 39th Street, Second Floor
        New York, NY 10016
        Tel.: 212-465-1188
        Fax: 212-465-1181

        *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

        By: /s/ C.K. Lee
            C.K. Lee (CL 4086)