UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JORGE PACHECO,
*on behalf of himself, FLSA Collective Plaintiffs*                    ECF CASE
*and the Class,*

                               **Plaintiffs,**                    18 Civ. 6907 (JMF)(GWG)
                                                            [rel. 18 Civ. 251]

      -against-

CHICKPEA AT 14TH STREET INC.,
CHICKPEA AT HOUSTON INC.,
CHICKPEA AT LIC, INC.,
CHICKPEA AT PENN INC.,
CHICKPEA INTERNATIONAL INC.,
CHICKPEA ON 6TH AVENUE INC.,
CHICKPEA WORLD LLC,
C P AT LEXINGTON AVENUE
INCORPORATED
d/b/a CHICKPEA,
C P AT MADISON AVENUE
INCORPORATED
d/b/a CHICKPEA,
ALIMADE LLC d/b/a CHICKPEA,
and AKBARALI HIMANI,

                                 **Defendants.**
------------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT,
## PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)

Lee Nuwesra, Esq.
*Attorney for Defendants*
One Grand Central Place
60 East 42nd Street, Suite 1132
New York, New York 10165
(212) 370-8707
lnuwesra@optonline.net

**INTRODUCTION AND PRELEMINARY STATEMENT**

Defendants **CHICKPEA AT 14TH STREET INC., CHICKPEA AT HOUSTON INC., CHICKPEA AT LIC, INC., CHICKPEA AT PENN INC., CHICKPEA INTERNATIONAL INC., CHICKPEA ON 6TH AVENUE INC., CHICKPEA WORLD LLC, C P AT LEXINGTON AVENUE INCORPORATED d/b/a CHICKPEA, C P AT MADISON AVENUE INCORPORATED d/b/a CHICKPEA, ALIMADE LLC d/b/a CHICKPEA, and AKBARALI HIMANI (**hereinafter referred to as **"Defendants"),** by their undersigned Counsel, hereby submit this Memorandum of Law in Support of their Motion to Dismiss the Complaint filed by Plaintiff Jose Pacheco **(**hereinafter referred to as **"Plaintiff" or "Pacheco")**.

Mr. Pacheco is a former employee of Defendant **CHICKPEA AT PENN INC.,** where he worked as a Dishwasher at two **(2)** Chickpea Restaurants located at the Pennsylvania Railroad Station, in Manhattan County, City of New York **(Compl. Paragraphs 18-19)**.[1] Plaintiff filed this action on August 1, 2018 against all named Defendants as reflected in the Caption above as a **"related case"** to his prior Complaint, entitled **Pacheco v. Chickpea at 14th Street, Inc. 18-cv-251 (JMF) (GWG).** Pacheco instant Complaint appears to allege violations of the Internal Revenue Code, under 26 U.S.C. § 7434 (a). Pacheco alleges that Defendants violated 26 U.S.C. §7434, by failing to provide him with a Form W-2 Tax Statement, for the years 2015 through 2017 **(Compl. Pars. 18 and 22)**. Plaintiff also claims that during his tenure, he was paid in cash, and that Defendants failed to withhold any of Plaintiff's wages for tax purposes **(Compl. Pars. 20-21)**. The Complaint then, in a conclusory manner alleges that by failing to provide Plaintiff with accurate IRS Form W-2 and failing to withhold amounts listed on W-2 Forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. §7434.

---

[1] **For the Court's convenience, a copy of the Complaint is attached to Nuwesra's Declaration as Exhibit "1".**

1

(***Id.***). As will be discussed below, Plaintiff's Complaint fails to allege facts sufficient to sustain any cause of action against the Moving Defendants, because 26 U.S.C.§7434 does not provide a cause of action based on a Party's failure to provide a Form W-2 Tax Statement, or for failure to withhold taxes. Accordingly, Pacheco's Class Action claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## BACKGROUND AND RELEVANT DEPOSITION TESTIMONY

On January 11, 2018, Plaintiff filed his initial FLSA related case, namely **Pacheco v. Chickpea At 14th Street, et al.,** 18 Civ. 251 (JMF) (GWG). On 6-5-2018, Mr. Pacheco was deposed regarding his FLSA claim. On 6-29-2018, Plaintiff deposed Mr. Ronald Siegel, Chickpeas' Director of Operations, as the Corporate Defendant Representative.

During Mr. Siegel's deposition by Plaintiff's Counsel, Mr. C.K. Lee, in relevant part to this Motion, Mr. Siegel testified as follow: Mr. Pacheco was paid in cash, while employed by Defendant Chickpea at Penn Inc. That no deductions were made from Mr. Pacheco's pay. And the reason for no such deductions, was on account of Mr. Pacheco's **undocumented immigration status,** explaining that **"He did not have papers" (Siegel's Deposition at pages 68-71)**[2]. Mr. Sigel's foregoing sworn testimony are the sole and exclusive facts, that gave rise to Plaintiff the Internal Revenue Code 26 §7434 Class Claim.

Mr. Siegel further testified that throughout his tenure, Plaintiff received the minimum wage and the appropriate overtime **(Siegel's Dep. at pages 43-44)**. With regard to Plaintiff's breaktime issue, Mr. Pacheco always got his 30 minutes break, although on occasion he and other employees forgot to punch out for their required breaks. **(Siegel's Dep. pgs. 46-48)**. Mr. Siegel explained

---

[2] **Mr. Siegel's relevant deposition testimony is attached to Nuwesra's Declaration As Exhibit "2"**

2

that because the store was very small, and the location is a Transportation Hub, management has to keep a very tight schedule when it came to the 30 minutes breaks of its hourly employees. **(*Id.* at pgs. 79-80)**. With regard to the Spread of Hours, Plaintiff always received his extra one **(1)** hour, when working beyond 10 hours a day. **(*Id.* at pgs. 49-50)**. Mr. Siegel acknowledged that Mr. Pacheco, on occasion, brought the discrepancy of the one hour of extra pay he did not get, to his supervisor's attention; and the company always rectified the mistake the following pay period. **(*Id.* at pgs. 49-51)**. Moreover, management never deducted a meal credit from Mr. Pacheco's compensation. **(*Id.* at pg. 51)**. Furthermore, Plaintiff and other employees were given wage notices, as a record of his/their pay. **(Siegel's Dep. at pgs. 51-53)**.

On 6-5-2018, Mr. Pacheco testified that he never received a steady salary, as his weekly wages **"always"** changed. **(Plaintiff's Dep. at pg. 71)**[3]. Moreover, he testified that in 2017, he did get **$11.00** an hour. **(*Id.*)**. Mr. Pacheco further testified that he received his weekly pay in an envelope, and checked the amount, in front of the Manager. **(*Id.* at pg. 72)**.

Mr. Pacheco further testified that when checking his pay, there were times when some of the money was not accurate, **emphasizing** that it did not happen a lot, and on those occasions, the pay was missing **"like $10.00 or so"**. **(Plaintiff's Dep. at pg. 72)**. He explained that when the pay was missing the appropriate amount, Mr. Pacheco would complain to the Manager, and the following week Plaintiff would get what he was entitled to. **(*Id.* at pg. 73)**. Plaintiff also indicated that after checking his pay, he would compare it to the cash amount in the envelope, and sign an acknowledgement of same. **(*Id.*)**.

During his Deposition, Plaintiff conceded that he never discussed with other employees their pay. **(Plaintiff's Dep. at pgs. 87-89, and 101-102).** Most significantly, Plaintiff testified

---

[3] **Plaintiff's relevant sworn testimony, dated 6-5-2018, is attached to Nuwesra's Declaration as Exhibit "3"**

that he did not try to get any of his former co-workers to join his lawsuit. **(*Id*. at pg. 98)**. Mr. Pacheco testified, emphasizing that he only brought his lawsuit on his own behalf. (***Id.).*** Additionally, Plaintiff acknowledged that the other employees, performed different duties, such as Cashier, Grill Person, and Customer Service **(*Id.* at 87-89)**. Importantly, while Mr. Pacheco received his pay in cash, others were paid by Check. **(*Id.* at pg. 88).**

On 7-1-2018, based on Plaintiff's deposition testimony and that of Mr. Siegel, giving Mr. Pacheco's testimony every benefit thereunder; Defendants served Plaintiff with a FRCP Rule 68 Offer of Judgement.[4] On 7-5-2018 Plaintiff's Counsel, Mr. C.K. Lee E-mailed Defendants' Attorney, threatening to bring the instant related case.[5] In an attempt to intimidate Defendants, in his e-mail, Attorney Lee emphasized that a copy of the anticipated lawsuit will be served on the IRS.

## ARGUMENT

## POINT 1

### THE STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" **Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007))**. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff's obligation to provide the grounds of entitlement to relief "requires more than labels and

---

[4] **A true copy of Defendants' Rule 68, dated 7-1-2018, is attached to Mr. Nuwesra's Declaration as Exhibit "4"**
[5] **A copy of the subject E-mail, dated 7-5-2018, is attached to Nuwesra's Declaration as Exhibit "5"**

4

conclusions, and a formulaic recitation of the elements of a cause of action will not do." **Twombly, 550 U.S. at 555**.

While **Fed. R. Civ. P. 8** "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." **Iqbal. at 678**. In considering whether a complaint states a claim upon which relief can be granted, the court "begins by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determines whether the remaining well-pleaded factual allegations, accepted as true, "plausibly give rise to an entitlement to relief." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown 'that the pleader is entitled to relief.'" *Id.* **(quoting Fed. R. Civ. P. 8(a)(2))**.

<u>POINT II</u>

**PACHECO FAILS TO PLEAD A VALID TAX
FRAUD CLAIM UNDER 26 U.S.C. §7434**

The first and only count of Pacheco's related Complaint is titled **"Civil Damages For Fraudulent Filing of Information Returns Under 26 U.S.C. §7434 (a),"** and appears to allege tax fraud for calendar years 2015 through 2017, based on Defendants' failure to provide him with a Form W-2 Tax Statement for those years. Internal Revenue Code §7434 only applies to the filing of fraudulent returns, **not as is alleged here**, the failure to issue a Form W-2 Tax Statement, the failure to withhold taxes, or to make cash payments. Nor can Plaintiff Pacheco make such an extraordinary leap by concluding that, because Defendants failed to provide him with a Form W-2 Tax Statement, or withhold taxes, they must have submitted fraudulent information without any factual support thereof. Section 7434 provides that "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other

5

person may bring a civil action for damages against the person so filing such return." 26 U.S.C. §7434.

While Mr. Pacheco recites some formalistic, albeit incorrect statements of law, his allegations lack any factual support. Accordingly, Plaintiff does not state a valid cause of action. Therefore, Pacheco's claim under 26 U.S.C. §7434 fails, as a matter of law. "By its terms, however, Section 7434 does not create liability for failing to file an information return; rather it applies when an entity makes a 'filing' and in the filing submits 'fraudulent' information." **Rossman v. Lazarus, 2008 WL 4181195, \*11 (E.D. Va. Sept. 3, 2008).** Because Pacheco does not specifically allege that Defendants actually filed a fraudulent information return, his claim fails. **See id. at \*13 (finding that plaintiff failed to state a claim under 26 U.S.C. §7434 when he did not allege an actual filing)**.

In order to sustain a cause of action under §7434, a plaintiff must allege that a fraudulent filing was made.[6] **See Rossman, 2008 WL 4181195 at \*6.** In addition, a claim under 26 U.S.C. §7434 requires proof of deceitfulness or bad faith in connection with filing an information return, **Nash v. United States, 2004 WL 3176885, \*3 (E.D. Mo. October 12, 2004)**.

## POINT III

### PLAINTIFF'S FAILURE TO INDIVIDUALLY PLEAD A VALID §7434 DOOMS HIS PURPORTED RULE 23 CLASS ACTION.

Essentially, and relevant to his 26 U.S.C. §7434 claim, Mr. Pacheco's factual allegations are: **(a)** He was employed by Defendants as a Dishwasher from in or around July 2015 until on or about September 2017 **(Compl. Par. 18)**; **(b)** Throughout his entire employment, Plaintiff was

---

[6] Moreover, because Pacheco's claim is predicated upon fraud, he must plead these claims with particularity pursuant to Fed. R. Civ. P. 9(b). Here, Pacheco's claim, does not meet the heightened pleading requirements for fraud.

6

paid in cash **(Compl. Par. 20)**; **(c)** Defendants failed to withhold any of Plaintiff's wages for tax purposes **(Compl. Par. 21)**; and **(d)** Defendants failed to provide Plaintiff with W-2 Tax Statements, for the years employed by Chickpea **(Compl. Par. 22)**.

In an attempt to manufacture a Rule 23 Class Action, Mr. Pacheco claims that there are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the class;

b) Whether Defendants failed to withhold taxes from the wages of Plaintiff and the Class; and

c) Whether Defendants provided Plaintiff and the Class with Tax Statements for each year they worked. **(Compl. Par. 17)**.

Plaintiff Pacheco further asserts that Defendants knew or should have known to withhold taxes from Plaintiff, and provide him with respective W-2 Tax Statements.  And that Defendants' actions were willful, and showed reckless disregard for the provisions of the Internal Revenue Code **(Compl. Pars. 23-24)**.  However, Plaintiff's assertion that Defendants had a legal obligation to file accurate Tax Statements with the IRS **(Compl. Par. 25)**, does not give rise to his pending claim.

The Second Circuit in **Katzman v. Essex Waterfront Owners, LLC, 66 F. 3d 565 (2d Cir.2011)** (*per curiam*) held that Section 7434 of the Internal Revenue Code **does not** provide a cause of action for a defendant's alleged intentional failure to file an information return.  As stated above; here, Plaintiff Pacheco without any factual support, leaps to the conclusion that by failing to provide Plaintiff and the Collective Class with accurate IRS Forms W-2 Tax Statements for all of the Tax years they were employed; by failing to report to the IRS all monies paid to them;[7] and that by failing to withhold tax deductions; Defendants must have filed fraudulent information

---

[7] **Plaintiff Pacheco has no information, evidence or grounds to make such fanciful claim.**

7

returns with the IRS, in violation of 26 U.S.C. §7434 **(Compl. Par. 27)**. This is nothing short of sheer speculation by Plaintiff, which dooms his individual and purported Class Action claim.

The only evidence adduced, before bringing this related case was Mr. Siegel's deposition testimony that Mr. Pacheco was paid in cash during his tenure at the Penn Station Chickpeas and that no deductions were made from his pay. T**hat the reasons thereof, was Plaintiff's status as an undocumented immigrant**. Mr. Pacheco's **immigration status** was brought to light by his own Attorney's **overzealous questioning**, during Mr., Siegel's deposition of 6-29-2018. In bringing this lawsuit, Plaintiff's Counsel has placed Mr. Pacheco's undocumented legal status in the public domain, for all to view. Accordingly, the Lee Litigation Group, PLLC, has placed its interest of eventually collecting Attorney's fees above the interest of Plaintiff. Here, there is the issue of whether by doing so, there is a conflict of allowing Plaintiff's present Counsel to continue representing him.

It is clear that Plaintiff's instant claim is unwarranted, frivolous and or was brought in bad faith to harass Defendants. In reviewing the legislative history of § 7434 (citing to H.R. Rep. 104-506, at 37, reprinted in 1996 U.S.C.C.A.N., at *1158 (March 28, 1996), **the <u>Katzman</u>** Court found that Congress, in enacting this law did not intend "to open the door to unwarranted or frivolous actions or abusive practices." Therefore, it is respectfully requested that Plaintiff's claim be dismissed, with prejudice.

## CONCLUSION

For the reasons set forth above, the procedural history and record, this Honorable Court should dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6), because Plaintiff Pacheco's Complaint fails to state any Claim upon which relief may be granted.  Moreover, Defendants respectfully request that this Court award them Attorneys Fees, Costs and Expenses for bringing this Motion, and for such other relief it deems appropriate, under its inherent power.

Dated: New York, NY
      October 21, 2018

Respectfully Submitted,

By:_____/s/_____
    Lee Nuwesra, Esq.
    *Attorney for Defendants*
    Law Offices of Lee Nuwesra
    One Grand Central Place
    60 East 42nd Street, Suite. 1132
    New York, NY 10165
    Tel. #: (212) 370-8707
    Email:  lnuwesra@optonline.net

To:    C.K. Lee, Esq.
       Email: cklee@leelitigation.com
       William Brown, Esq.
       Email: will@leelitigation.com
       Anne Melissa Seelig, Esq.
       Email: anne@leelitigation.com
       LEE LITIGATION GROUP, PLLC
       *Attorneys for Plaintiff*
       30 East 39th Street, Second Floor
       New York, NY 10016
       Tel.: (212) 465-1188