UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JORGE PACHECO,                                          :
                                                        :
                        Plaintiff,                      :
                                                        :
        -v.-                                            :    REPORT AND
                                                        :    RECOMMENDATION
CHICKPEA AT 14TH STREET INC., et al.,                   :
                                                        :    18 Civ. 6907 (JMF) (GWG)
                        Defendants.                     :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

Plaintiff Jorge Pacheco, who worked as a dishwasher at defendants' restaurants and who has a separate case pending against some of the defendants here raising wage and hour claims under the Fair Labor Standards Act and the New York Labor Law, filed this action under the Internal Revenue Code, 26 U.S.C. § 7434, alleging that the defendants, his employers, fraudulently filed tax documents with the Internal Revenue Service ("IRS"). Defendants now move to dismiss Pacheco's First Amended Complaint.[1] For the following reasons, defendants' motion should be granted.

I.  **FACTS ALLEGED IN THE FIRST AMENDED COMPLAINT**

---

[1] Defendants' Notice of Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6), filed Nov. 29, 2018 (Docket # 47) ("Not. Mot."); Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Amended Complaint, Pursuant to Federal Rules of Civil Procedure 12(b), filed Nov. 29, 2018 (Docket # 48) ("Def. Mem."); Declaration of Lee Nuwesra in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint, Pursuant to Federal Rules of Civil Procedure 12(b)(6), filed Nov. 29, 2018 (Docket # 49) ("Nuwesra Decl."); Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, filed Dec. 13, 2018 (Docket # 51) ("Pl. Mem."); Defendants' Reply Memorandum of Law in Further Support of Their Motion to Dismiss Plaintiff's Amended Complaint, Pursuant to Federal Rules of Civil Procedure 12(b)(6), filed Dec. 26, 2018 (Docket # 55) ("Def. Reply").

For purposes of this motion, we assume that the allegations made in Pacheco's First Amended Complaint are true.

Pacheco was employed by defendants as a dishwasher from approximately July 2015 through September 2017, and he worked in both of defendants' Chickpea Restaurant locations in Pennsylvania Station.  See First Amended Class Action Complaint, filed Nov. 8, 2018 (Docket # 45) ("FAC"), ¶¶ 18-19.  Throughout his employment, Pacheco was paid in cash and never received any type of wage statement.  Id. ¶ 20.  Defendants failed to withhold any of Pacheco's wages for tax purposes and failed to provide him with "an accurate W-2 tax statement for each tax year" during which he was employed with defendants.  Id. ¶¶ 21-22.  The defendants "knew or should have known that they had a legal duty to withhold taxes" from Pacheco's earnings and to provide accurate W-2 statements.  Id. ¶ 23.  In addition, Pacheco alleges that "[d]efendants willfully and fraudulently filed false returns with the Internal Revenue Service by failing to report Plaintiff, and other employees who were paid in cash, as employees on IRS Form 941 Quarterly Tax Returns and annual tax returns, as well as the amount of compensation that was paid."  Id. ¶ 24.  Ronald Siegel, who was the defendants' designated Rule 30(b)(6) witness in the FLSA action, stated that "no withholding tax or FICA payments were taken out of Plaintiff's compensation," and that "all employees who were paid in cash did not have any taxes withheld from their earnings."  Id. ¶ 25.  Siegel stated that Pacheco was paid in cash because he was "undocumented."  Id.

Pacheco alleges that defendants' actions were "willful, and showed reckless disregard for the provisions of the Internal Revenue Code," and that defendants "had a legal obligation to file accurate tax statements with the IRS."  Id. ¶¶ 26-27.

II. STANDARD OF REVIEW UNDER RULE 12(b)(6)

A defendant may move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) where the plaintiff "fail[s] to state a claim upon which relief can be granted." To survive such a motion, a complaint must contain sufficient factual matter, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). As the Supreme Court noted in Iqbal,

> [a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."

Id. (citations omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Thus, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a complaint is insufficient under Federal Rule of Civil Procedure 8(a)(2) because it has merely "alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" Id. at 679 (alteration omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

Additionally, on a motion to dismiss for failure to state a claim, a court's

> consideration is limited to the factual allegations in [the complaint], which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.

Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993) (citing Cortec Indus., Inc. v.

3

Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991)); accord Halebian v. Berv, 644 F.3d 122, 130 n.7 (2d Cir. 2011).

III. DISCUSSION

Defendants argue that Pacheco's complaint should be dismissed on three grounds: (1) Pacheco fails to plead a valid tax fraud claim under 26 U.S.C. § 7434(a), Def. Mem. at 7-8; (2) because Pacheco fails to plead a valid claim on his own behalf, his class allegations must also be dismissed, id. at 8-10; and (3) Pacheco cannot bring this case because he is purportedly an undocumented immigrant, id. at 11-12.

26 U.S.C. § 7434(a) provides that "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." Id.; see generally Katzman v. Essex Waterfront Owners LLC, 660 F.3d 565, 566 (2d Cir. 2011) (per curiam) (section 7434 is a "provision that creates a civil damages remedy for the willful filing of fraudulent 'information return[s]'") (alteration in original). For reasons persuasively explained in Liverett v. Torres Adv. Enter. Sols. LLC, 192 F. Supp. 3d 648 (E.D. Va. 2016), and not challenged by the parties here, "§ 7434(a)'s 'with respect to. . .' language is intended to limit the scope of 'fraudulent' rather than to describe the 'information return.'" Id. at 652. Thus, section 7434(a) "creates a private cause of action only where an information return is fraudulent with respect to the amount purportedly paid to the plaintiff." Id. at 653.

At the outset, we agree with Pacheco that he has sufficiently pled that "information returns" were filed in this case. See Pl. Mem. at 4-6. The statute defines "information return" by incorporating by reference the definitions contained in 26 U.S.C. § 6724(d)(1)(A). See 26 U.S.C. § 7434(f). Section 6724(d)(1)(A) lists a number of different types of statements that

qualify as "information returns," which are defined elsewhere in the United States Code, including "any statement of the amount of payments to another person required by" 26 U.S.C. § 6041(a). That section, in turn, provides that

> [a]ll persons engaged in a trade or business and making payment in the course of such trade or business to another person, of rent, salaries, wages, premiums, annuities, compensations, remunerations, emoluments, or other fixed or determinable gains, profits, and income . . . of $600 or more in any taxable year . . . shall render a true and accurate return to the Secretary, under such regulations and in such form and manner and to such extent as may be prescribed by the Secretary, setting forth the amount of such gains, profits, and income, and the name and address of the recipient of such payment.

The relevant regulations, as set forth in 26 C.F.R. § 601.401, provide that "[e]mployee tax must be deducted and withheld by employers from 'wages' or 'compensation' . . . paid to employees, and the employer is liable for the employee tax whether or not it is so deducted." Id. § 601.401(a)(3). The regulations further provide that:

> Employment tax returns must be filed with the district director or, if so provided in instructions applicable to a return, with the service center designated in the instructions. The return of the Federal unemployment tax is required to be filed annually on Form 940 with respect to wages paid during the calendar year. All other returns of Federal employment taxes (with the exception of returns filed for agricultural employees) are required to be filed for each calendar quarter except that if pursuant to regulations the district director so notifies the employer, returns on Form 941 are required to be filed on a monthly basis. . . . The employer and employee taxes imposed by Chapter 21 (other than the employer and employee taxes on wages paid for agricultural labor) and the tax required to be deducted and withheld upon wages by Chapter 24 are combined in a single return on Form 941.

Id. Accordingly, for the purposes of 26 U.S.C. § 7434, IRS Form 941 — the only form identified specifically in the complaint — is an "information return."[2]

---

[2] The FAC asserts its claim not only with respect to Form 941, but also with respect to unidentified "annual tax returns" filed by the defendants. See FAC ¶ 24. But to evaluate a claim under section 7434, it is incumbent on the plaintiff to identify what "information return" is being challenged, if only to comply with the notice pleading requirement of Fed. R. Civ. P. 8(a). Pacheco's brief makes arguments with respect to Form 940 as well as Form 941. Form 940 is

5

A Form 941 is the form used to file an employer's quarterly federal tax return.  See Form 941 for 2018: Employer's Quarterly Federal Tax Return (annexed as Ex. B to Pl. Mem.).  Question 1 of this form requires the employer to fill in a blank with the "[n]umber of employees who received wages, tips, or other compensation for the pay period."  Id.  It then has lines for such items as "wages, tips, and compensation," "[f]ederal income tax withheld from wages, tips, and other compensation," and other similar aggregate numbers.  See id.  The form does not seek or provide space for a listing of the name or any other identifying information of any employee.  Thus, the employer does not provide information about the amount of wages paid to any particular employee.  See id.  The first two questions on the form are reproduced below.

```
Read the separate instructions before you complete Form 941. Type or print within the boxes.
Part 1:  Answer these questions for this quarter.
1   Number of employees who received wages, tips, or other compensation for the pay period
    Including: Mar. 12 (Quarter 1), June 12 (Quarter 2), Sept. 12 (Quarter 3), or Dec. 12 (Quarter 4)   1  [        ]

2   Wages, tips, and other compensation  . . . . . . . . . . . . . . . . . . .   2  [        ] .
```

Determining whether a federal statute authorizes a particular plaintiff's claim "requires us to determine, using traditional tools of statutory interpretation, whether [the] legislatively conferred cause of action encompasses [the] particular plaintiff's claim."  Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 127 (2014).  "Put differently, the question we must answer is whether [Pacheco] 'falls within the class of plaintiffs whom Congress has authorized to sue under [§ 7434].'"  See Baker v. Batmasian, 730 F. App'x 776, 779-80 (11th Cir. 2018) (quoting Lexmark, 572 U.S. at 127) (first alteration added).  "Our task in interpreting

---

used by the IRS to collect information regarding the Federal Unemployment Tax paid annually by an employer.  See Form 940 for 2018: Employer's Annual Federal Unemployment (FUTA) Tax Return (annexed as Ex. A to Pl. Mem.).  Because the arguments with respect to Form 940 do not differ from those as to Form 941, it unnecessary to address Form 940 separately.

the meaning of § 7434 'begins where all such inquiries must begin: with the language of the statute itself.'" Katzman, 660 F.3d at 568 (quoting United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241 (1989)). "'In this case it is also where the inquiry should end, for where, as here, the statute's language is plain, the sole function of the courts is to enforce it according to its terms.'" Id. (quoting Ron Pair Enters., Inc., 489 U.S. at 421).

26 U.S.C. § 7434 provides that "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a) (emphasis added); accord Baker, 730 F. App'x at 779.  As the Eleventh Circuit held in Baker v. Batmasian, 730 F. App'x 776, "[t]he statute is unambiguous on the issue of who may bring a civil action for damages; it is the 'other person' to whom payments were purportedly made according to the fraudulent information return." Id. at 779 (emphasis added).

The problem for Pacheco here is that the Form 941 does not contain a fraudulent statement concerning a payment that was actually made to Pacheco.  Thus, to use the language of section 7434, Pacheco has not alleged that the Form 941 contains fraudulent information "with respect to payments purported to be made to" Pacheco.  Certainly, Pacheco alleges he was omitted from the number of employees reported by defendants, and that payments made to him were omitted from the payments reported by the defendants.  See, e.g, FAC ¶¶ 24, 30-31.  He also alleges that the form is false because of this omission.  Id.  But the statute does not address omissions.  It addresses situations where there is a falsehood made to the IRS with respect to payments made to the plaintiff bringing the action.  Form 941 does not list Pacheco and thus obviously says nothing "with respect to payments purported to be made to" him.

Our reading of the statute comports with the reasoning of the Eleventh Circuit in Baker.

In Baker, the plaintiff alleged that defendants misclassified him as an independent contractor to avoid paying payroll taxes, and required him to form his own corporation in order to "facilitate their scheme." 730 F. App'x at 777. While defendants issued 1099 forms to the corporation, the plaintiff argued that the defendants should have instead W-2 forms to him. Id. at 777-78. The Eleventh Circuit found that section 7434 did not authorize the plaintiff to bring suit because his name was not listed on the allegedly fraudulent information return. The Eleventh Circuit reasoned:

> Adopting Baker's theory — that § 7434 authorizes his suit because the information return should have reflected payments that should have been made to him under a different employment classification — would require us to rewrite the text of the statute. In essence, Baker suggests the statute authorizes a suit by anyone adversely affected (whether directly or indirectly) by a fraudulent information return. While Congress could have written such a broad statute, it did not do so in § 7434.

Id. at 780. The Eleventh Circuit reached this conclusion by reasoning that under the plain language of the statute, "if anyone is authorized to a file a claim under § 7434, based on the information return attached to Baker's complaint, it is [the corporate entity]." Id.

Here, the FAC does not allege that defendants made fraudulent statements on their Form 941 about the only "other person" who can bring suit: that is, Pacheco. Rather, the FAC alleges that defendants made fraudulent statements about the total amount of wages they paid to their employees, as well as about the total number of employees employed. See FAC ¶ 24. Under Baker's logic, Pacheco is not the "other person" authorized to file a claim under § 7434 based on the facts alleged in the FAC.

While we are not required to look at the statute's legislative history given the statute's lack of ambiguity, see Katzman, 630 F.3d at 569, we note that the Report of the House Committee on Ways and Means accompanying the Taxpayer Bill of Rights 2, which contained

8

26 U.S.C. § 7434, is consistent with our interpretation. The report — although meager in its discussion of the provision — explained that without the passage of § 7434, "[f]ederal law provides no private cause of action to a taxpayer who is injured because a fraudulent information return has been filed with the IRS asserting that payments have been made to the taxpayer." H.R. Rep. 104–506, at 35 (1996), reprinted in 1996 U.S.C.C.A.N. 1143, at *1158 (emphasis added). This sentence makes clear that the statute is concerned with statements asserting that payments were made to a particular taxpayer, who is the only person authorized to bring suit. Form 941, on the other hand, lists only aggregate payments without reference to a particular employee. The "[r]easons for change" section of the House Report similarly suggests that section 7434 was intended to assist an aggrieved taxpayer whose employer made fraudulent statements about the wages paid to that taxpayer in particular. The provision reads: "Some taxpayers may suffer significant personal loss and inconvenience as the result of the IRS receiving fraudulent information returns, which have been filed by persons intent on either defrauding the IRS or harassing taxpayers." Id. This provision suggests the law is concerned with situations in which an individual filing a tax return on another's behalf misreports the amount paid in order to saddle the individual who is the subject of the tax return with additional tax liability. See also Liverett, 192 F. Supp. 3d at 654 (noting that "prominent tax law commentators have traced § 7434's origin to a specific policy problem: malcontents who sometimes file fraudulent information returns reporting large amount of income for judges, law enforcement officials, and others who have incurred their wrath") (internal quotation marks and citations omitted). Here, however, Pacheco has not alleged that defendants made any statement about him to the IRS.

In support of his contention that his complaint states a claim under 26 U.S.C. § 7434,

Pacheco cites Diaz v. In Season Distribs., LLC, 2016 WL 4401141 (S.D. Fla. Aug. 17, 2016), see Pl. Mem. at 5-6, where the plaintiff alleged a claim under 26 U.S.C. § 7434 that included an allegation that the employer had filed a fraudulent Form 941.  That case involved an employee who alleged that the Form 941 and other tax returns filed by the defendant were improper because they improperly treated him as an independent contractor rather than as an employee. Id. at *2.  While Diaz allowed the case to proceed, the particular issue of statutory interpretation we address here was not discussed.  Thus, we do not find Diaz persuasive.[3]

Because the complaint fails to state a claim, it is unnecessary to reach defendants' other arguments for dismissal.

IV.  CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (Docket # 47) should be granted.

**PROCEDURE FOR FILING OBJECTIONS TO THIS
REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections.  See also Fed. R. Civ. P. 6(a), (b), (d).  Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Jesse M. Furman at 40 Foley Square, New York, New York

---

[3] Moreover, we note that numerous courts across the country have rejected Diaz's premise that misclassification as an independent contractor, alone, is sufficient to state a cause of action under 26 U.S.C. § 7434.  See, e.g., Sims v. UNATION, LLC, 292 F. Supp. 3d 1286, 1297-99 (M.D. Fla. 2018); Derolf v. Risinger Bros. Transfer, Inc., 259 F. Supp. 3d 876, 885 (C.D. Ill. 2017); Tran v. Tran, 239 F. Supp. 3d 1296 (M.D. Fla. 2017), reconsideration denied, 119 A.F.T.R.2d 2017-1640 (M.D. Fla. Mar. 29, 2017); Vera v. Challenger Air Corp., 2017 WL 2591946, at *2-3 (S.D. Fla. June 15, 2017); Liverett, 192 F. Supp. at 650-55.

10007.  Any request for an extension of time to file objections must be directed to Judge Furman.  If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal.  See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

DATED:       New York, New York
             May 30, 2019

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge