```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                   :
JORGE PACHECO,                                     :
                                                   :
                              Plaintiff,           :         18-CV-6907 (JMF)
                                                   :
              -v-                                  :         ORDER ADOPTING
                                                   :         REPORT AND
CHICKPEA AT 14th STREET INC., et al.,              :         RECOMMENDATION
                                                   :
                              Defendants.          :
                                                   :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      Plaintiff Jorge Pacheco, who worked as a dishwasher at Defendants' restaurants, filed this action under the Internal Revenue Code, 26 U.S.C. § 7434, alleging that Defendants fraudulently filed tax documents with the Internal Revenue Service. On November 29, 2018, Defendants filed a motion to dismiss, *see* ECF No. 47, which the Court referred to Magistrate Judge Gabriel W. Gorenstein for a Report and Recommendation. *See* ECF No. 56. On May 30, 2019, Magistrate Judge Gorenstein filed a Report and Recommendation recommending that the motion be granted on the ground that Pacheco does not have a cause of action under Section 7434(a). *See* ECF No. 63 ("R&R"). Plaintiff filed timely objections. *See* ECF No. 66.

      The Court, having reviewed the R&R *de novo* in accordance with Rule 72(b)(3) of the Federal Rules of Civil Procedure, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3), agrees with Magistrate Judge Gorenstein's conclusion that Pacheco does not have a cause of action under Section 7434(a). That provision states that "if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." 26 U.S.C.

§ 7434(a). By its terms, therefore, the statute provides a cause of action only to a person "*to whom payments were purportedly made* according to the fraudulent information return." R&R at 7 (internal quotation marks omitted). Pacheco is not such a person because the gravamen of his claim is not that Defendants committed fraud in reporting payments they had purportedly made to him; it is that they omitted him (and, by extension any mention of payments purportedly made to him) altogether from the form at issue. *Cf. Katzman v. Essex Waterfront Owners LLC*, 660 F.3d 565, 568 (2d Cir. 2011) (per curiam) (holding that "an allegation that a person intentionally failed to file a required information return does not state a claim under [Section] 7434"). Thus, assuming without deciding that a Form 941 is an "information return" within the meaning of the statute, *see Charlotte's Office Boutique, Inc. v. Comm'r*, 87 T.C.M. (CCH) 998 (T.C. 2004) (holding that Form 941 is not an information return), *aff'd*, 425 F.3d 1203 (9th Cir. 2005), Pacheco's claim fails because Section 7434 does not provide him with a cause of action here.

As Magistrate Judge Gorenstein noted, *see* R&R at 9, any doubt on that score is resolved by a review of the legislative history. Although "scant," *Liverett v. Torres Advanced Enter. Sols. LLC*, 192 F. Supp. 3d 648, 653 (E.D. Va. 2016), the history makes clear that Section 7434 was intended to fill a gap in federal law by providing a "private cause of action to a taxpayer who is injured because a fraudulent information return has been filed with the IRS *asserting that payments have been made to the taxpayer*." H.R. REP. NO. 104–506, at 35 (1996) (emphasis added), *as reprinted in* 1996 U.S.C.C.A.N. 1143, 1158. Further, "prominent tax law commentators have traced § 7434's origin to a specific policy problem: 'malcontents who "sometimes file fraudulent information returns reporting large amount of income for judges, law enforcement officials, and others who have incurred their wrath."'" *Liverett*, 192 F. Supp. 3d at 654 (quoting Jacob L. Todres, *Torts, Tax Reporting, and Preemption: Is There Tort Liability for*

2

*Incorrect Information Reports?*, 28 J. CORP. L. 259, 281 (2003), which in turn quotes 4 BORIS I. BITTKER & LAWRENCE LOKKEN, FEDERAL TAXATION OF INCOME, ESTATES AND GIFTS 111-33 (2d ed. Supp. 2002)). This history "suggests the law is concerned with situations in which an individual filing a tax return on another's behalf misreports the amount paid in order to saddle the individual who is the subject of the tax return with additional tax liability." R&R at 9.

In short, substantially for the reasons provided by Magistrate Judge Gorenstein in the R&R, the Court concludes that Section 7434 "afford[s] a damages remedy for victims" of "the malicious reporting of false payments." *Liverett*, 192 F. Supp. 3d at 654. Pacheco is not such a person because he does not allege that Defendants maliciously reported false payments to the IRS; instead, he alleges that Defendants failed to report anything about him at all. *See* ECF No. 45, ¶ 24. For this reason, the R&R is ADOPTED to the extent it recommends holding that Pacheco lacks a cause of action under Section 7434, and Defendants' motion to dismiss is GRANTED. The Clerk of Court is directed to terminate ECF No. 47 and to close this case.

SO ORDERED.

Dated: August 8, 2019
New York, New York

JESSE M. FURMAN
United States District Judge